IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NICOLETTE HENDRICKS, WILLIAM
HENDRICKS, ORGANIZATIONAL
STRATEGIES, INC., INTEGRATION
CASUALTY CORP., SYSTEMS CASUALTY
CORP., AND OPTIMAL CASUALTY CORP.,

Plaintiffs;

v.

THE FELDMAN LAW FIRM LLP,
STEWART A. FELDMAN, CAPSTONE
ASSOCIATED SERVICES (WYOMING) LP,
CAPSTONE ASSOCIATED SERVICES
LTD., AND CAPSTONE INSURANCE
MANAGEMENT, LTD.,

Defendants.

Civil Action No. 15-884

MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 1)[1] and related briefing (D.I. 2, 9). For the reasons that follow, the Motion for a Temporary Restraining Order is **DENIED**. Following a hearing scheduled for October 14, 2015, this Court will rule on the Motion for a Preliminary Injunction.

To obtain a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b), the moving party must establish the same elements as it must to obtain a preliminary

---

[1] Citations to the docket in this case do not include the case number. A citation to the docket in a related case does include the case number.

1

injunction. *Colahar v. Wells Fargo Bank N.A.*, 56 F. Supp. 3d 603, 606 (D. Del. 2014); *see also Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689, 692-93 (3d Cir. 1997). To obtain a preliminary injunction, the moving party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "[I]f an adequate remedy at law exists, equitable relief will not be granted." *Goadby v. Phil. Elec. Co.*, 639 F.2d 117, 122 (3d Cir. 1981).

Plaintiffs seek temporary injunctive relief preventing the parties from proceeding in competing arbitrations while I consider Plaintiffs' Complaint to Compel Arbitration and Emergency Motion for Reconsideration. (D.I. 2 at 4). Plaintiffs argue that they will suffer irreparable harm if I do not grant the requested TRO because it is likely that, before this Court can rule on the Complaint and Motion for Reconsideration, the parties will become subject to multiple arbitration awards resolving the same dispute. (D.I. 2 at 10).

In the event that competing arbitrations result in multiple awards resolving the parties' dispute, Plaintiffs could petition the Court to confirm, vacate, or modify any such awards pursuant to the Federal Arbitration Act. 9 U.S.C. §§ 9-11. Further, if Plaintiffs came to believe that Defendants breached the parties' arbitration agreement, they could make a breach of contract claim in arbitration. (*See* C.A. No. 13-764 D.I. 50 at 6; *see, e.g.*, D.I. 2-4). Thus, there are adequate remedies at law to address the harm that Plaintiffs assert.

Because Plaintiffs have not established that they will suffer irreparable harm without a

TRO, their Motion for a Temporary Restraining Order is **DENIED**.

Entered this 6 day of October, 2015.

_Richard G. Andrews_
United States District Judge

3